IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/28/0206
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

DENISA OMEROVIC,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
CHRISTOPHER CHAMBERLAIN,
Field Office Director, ICE;
TODD BLANCHE, Attorney General; and
MARKWAYNE MULLIN, DHS Secretary,

Respondents.

Case No. 26-3308-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Bosnia and Herzegovina, entered the United States in 2001 and became a lawful permanent resident in 2004, but she was convicted of drug offenses in 2021 in Florida state court. In 2022, petitioner was detained by immigration officials, removal proceedings were initiated, she was ordered removed, and the Board of Immigration Appeals (BIA) dismissed her appeal from that order. Petitioner was released in July 2022 on an Order of Release on Recognizance (OREC), but she was again detained by immigration officials on February 18, 2026. Petitioner is presently confined within this

judicial district. On August 21, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that her continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner seeks her release, claiming that she has been detained for more than six months and that her removal in the near future is not likely. The Court analyzes such a claim under the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on

> any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (applying this framework).

The Court denies this claim. First, petitioner has not met her burden to provide good reason to believe that there is no significant likelihood of her removal in the reasonably foreseeable future. Petitioner has been detained for seven months, only a little longer than the period presumed reasonable in *Zadvydas*, and petitioner cites no basis other than the fact that her native country has not yet agreed to accept her. *See Zadvydas*, 533 U.S. at 701

(the presumption "does not mean that every alien not removed must be released after six months.").[1] Moreover, the Government has sufficiently rebutted any showing by petitioner, as it has submitted evidence that officials have requested a travel document from Bosnia and Herzegovina; that that country will accept petitioner once her identity has been verified; that officials have been working to secure the necessary documentation (they have received a copy of her mother's passport and are awaiting receipt of her father's immigration file); and that removal typically is accomplished within 30 days of issuance of a travel document. Accordingly, the Court cannot conclude that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future.[2]

Petitioner also challenges her continued detention as a violation of due process.[3] This Court has previously held, however, that if a petitioner cannot satisfy the Supreme Court's test from *Zadvydas*, there is no due process violation except in an exceptional case. *See S.E.C. v. Olson*, 2026 WL 1993217, at *3 (D. Kan. July 10, 2026) (Lungstrum, J.). Petitioner has not shown any dilatory or bad faith conduct by the Government with respect to her removal, nor has she shown exceptional circumstances in this case. Accordingly, the Court denies the petition in its entirety.

---

[1] Petitioner also claims in her petition that she is "told [her] removal is unlikely" (a claim not repeated in her traverse), but she does not identify who made such a statement to her or when the statement was made; thus the Court does not consider the alleged statement to be a relevant concession by an immigration official.

[2] Of course, if petitioner's removal is not accomplished reasonably soon and it becomes apparent there is no significant likelihood of removal in the reasonably foreseeable future, petitioner would be free to file a new petition asserting this same claim.

[3] Petitioner also complains about the conditions of her confinement, but she appears to do so only in the context of asserting her due process claim; and a separate conditions-of-confinement claim is not properly asserted in a habeas proceeding at any rate.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 28th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge